The opinion of the Court was drawn up by
Parker C. J.
As the defence in this case was grounded on a statute of the United States, the effect of which is to avoid, or at least to suspend a contract, which but for the statute might be enforced at law, we think the defendant should be held to a strict compliance with the statute provision which creates his exemption, and should produce the *317 evidence which by the statute seems to be required to constitute him a mariner, and as such to protect him from suits upon his contracts'. The shipping paper is for this purpose the best, if not the only evidence which can be relied on, for by that alone can it be certainly proved on what day he engaged as a seaman, and the very day is quite material, in order to know whether the contract sued is within the statute prohibition or not. This paper being not lost or destroyed, but only beyond the reach of the defendant at the time of the trial, a case for secondary evidence was not made out, and therefore the rejection of that which was offered was right. The facts and circumstances offered in evidence in lieu of the shipping paper, only showed a proper case for a continuance or postponement of the trial until the vessel should return, and to judge alone from the facts reported, we should think a continuance ought to have been granted , but as this was altogether within the discretion of the court, and as circumstances may have influenced that discretion, of which we can have no knowledge, we are bound to suppose the determination on this point was correct. But whether it was or not, we have no power to revise it. Matters within the discretion of an inferior tribunal, cannot, as matters of law, be overruled by another court. It is only of matters of law that this Court can take cognizance, in cases which come before it on exceptions under the statute.[1]
If a party should be seriously injured by any determina tian of the Court of Common Pleas on matters clearly within its discretion, such as the postponement or continuance of an action, we know of no remedy but by petition for a review, according to the general statute giving to this Court power to sustain such petitions; on the hearing of which, "f it be made to appear that injustice has been done to the party by his being hurried to trial unprepared, a review will be granted.
In the present case, however, the defendant will do well to consider, whether, if it should appear, as has been suggested, that his debt was really contracted before he entered as seaman on board the vessel, he will be entitled to equitable relief.

Judgment of C. C. P. affirmed.

 See Whitney v. Thayer, 5 Pick. 528.